# United States District Court

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| V. | |
| RICHARD GRIGSON | CASE NUMBER: 1:18-mj-00156 |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or between November 4, 2017 and February 15, 2018, in Hamilton County, in the Southern District of Indiana defendants did,

Distribution of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct

in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(2).  I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached Affidavit.

**Continued on the attached sheet and made a part hereof.**

_Michael Johnson, Special Agent_
_John Pirics, Task Force Officer_

**Sworn to before me, and subscribed in my presence**

February 16, 2018                                       at     Indianapolis, Indiana
**Date**

Tim A. Baker, U.S. Magistrate Judge
**Name and Title of Judicial Officer**                              **Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Task Force Officer John Pirics, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. **Affiant**: I am employed as a Detective with the Carmel Police Department, and I am currently assigned to the Hamilton County Metro Child Exploitation Task Force. I have been employed by the Carmel Police Department as an officer since 1995. I have received extensive training in child sexual exploitation investigation from several sources, including the Internet Crimes Against Children Task Force, the Purdue University Cyber Forensics program, the United States Attorney's Office, and the National Center for Missing and Exploited Children. I have written numerous search warrants involving internet crimes against children cases and participated in their execution. I am currently assigned to operate in an undercover capacity on the Internet to identify and investigate persons attempting to exploit or solicit sexual acts with children or trafficking in child pornography. I am also a cross designated task force officer with US Homeland Security Investigations (HSI) (formerly US Immigration and Customs Enforcement, Office of Investigations).

2. **Probable Cause:** For the reasons listed below, there is probable cause to believe that **RICHARD GRIGSON** (GRIGSON), DOB xx-xx-1983 (known to affiant, but redacted) has committed the following offenses in the Southern District of Indiana and elsewhere:

   a. **Count 1: Distribution of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct:** Within the Southern District of Indiana and elsewhere, **RICHARD GRIGSON** knowingly distributed a visual depiction of a minor engaging in sexually explicit conduct, including an image of at least one child who the Defendant knew to be less than 12 years of age, violation of 18 U.S.C. § 2252(a)(2) and (b)(2);

3. **Child Pornography Trafficking (18 U.S.C. § 2252):** This investigation concerns alleged violations of 18 U.S.C. § 2252, which prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.

4. **Definitions**: The following definitions apply to this Affidavit:

   a. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

   b. The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

   c. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

   d. The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility

or communications facility directly related to or operating in conjunction with such device.

  e. Peer-to-Peer (P2P) file sharing is a method of communication available to Internet users through the use of special software. Computers linked together through the Internet using P2P software form a network that allows for the sharing of digital files between users on the network. A user first obtains the P2P software, which can be downloaded from the Internet. In general, P2P software allows the user to set up file(s) on a computer to be shared with others running compatible P2P software. A user obtains files by opening the P2P software on the user's computer, and conducting a search for files currently being shared on the network.

  f. Bit-Torrent is a P2P file sharing network. BitTorrent sets up its searches using keywords. The results of a keyword search are displayed to the user. The user then selects file(s) from the results for download. The download of a file is achieved through a direct connection between the computer requesting the file and the computer(s) sharing the file. For example, a person interested in obtaining child pornographic images would open the P2P application on his/ her computer and would conduct a keyword search for files using a term such as "pre-teen sex." That keyword search is sent out over the network of computers using compatible P2P software. The results of the search are returned to the user's computer and displayed. The user selects from the results displayed the file(s) he or she wants to download. Selected files are downloaded directly from the computer sharing the file. The downloaded file is stored in the area previously designated by the user and/or the software. The downloaded file will remain until moved or deleted.

  g. Tor is a computer network designed specifically to facilitate anonymous

communication over the Internet. Tor effectively bounces a user's communications around a distributed network of relay computers all over the world, making conventional methods of identifying users obsolete. Additionally, entire websites on Tor can be set up as "hidden services," which operate as ordinary public websites do, with one critical exception: the IP address (and thus, the location) of the web server is hidden and replaced with a Tor-based, web address. This address is comprised of a series of algorithm-generated characters, such as "asdlk8fs9dflku7f" followed by the suffix ".onion." A user can only reach these "hidden services" if the user is using the Tor client and operating in the Tor network. Unlike an open Internet website, is not possible to determine through public lookups the IP address of a computer hosting a Tor "hidden service." Neither law enforcement nor users can therefore determine the location of the computer that hosts the website through those public lookups.

5.  **Case Overview - Richard Grigson:** On February 15, 2018, the Department of Homeland Security along with the Hamilton County Crimes Against Children Task Force executed a search warrant at **9812 Lakewood Drive East, Indianapolis, IN, 46280** (SUBJECT PREMISES). Present in the residence was GRIGSON, who was advised of his *Miranda* rights and interviewed. He admitted to knowingly distributing and receiving visual depictions of minors engaging in sexually explicit conduct. He has been downloading child pornography through online trading groups, some of which were accessed by Tor. Evidence recovered from the Subject Premises showed the defendant's involvement in distributing, receiving, and possessing child pornography, including images of pre-pubescent children and toddlers, as well as images of children being sexually abused.

6.   **Obtaining Search Warrant:** I obtained a search warrant from the Hamilton County Superior Court on February 15th, 2018. The information used to support the warrant includes the following:

   a.   Detective Laura Smith of the Indianapolis Metropolitan Police Department conducted an online Internet investigation to identify those possessing and sharing child pornography using the BitTorrent network. On **11/04/2017** at approximately **9:02 a.m.** A connection was made between her computer and a computer/device using IP address 50.90.112.181 via the BitTorrent file sharing network. Several files were downloaded during this connection.

   b.   Detective Smith provided to me the downloaded files as well as the logs associated with the file sharing session.

   c.   I reviewed the downloaded files and determined that a file folder named "**01_29pic_inna**" had been downloaded.

   d.   I examined the contents of the file folder "**01_29pic_inna**" and observed the downloaded files from within the folder. I found that several of the downloaded files depicted children under the age of eighteen (18) years old, including images of minors engaged in sexually explicit conduct.

   e.   The following is a description of three of the files downloaded from the computer/device at IP address 50.90.112.181 on **11/04/2017**:

   **File Name:** 1195984381043
   **Description:** This is an image file depicting a nude, prepubescent female child. The child has been posed facing the camera with her legs spread apart, exposing her uncovered genitals.

**File Name:** 1199147324970
**Description:** This is an image file depicting a nude, prepubescent female child. The child is lying on her back and her uncovered genitals are exposed.

**File Name:** 1199140144508
**Description:** This is an image file depicting a nude, prepubescent female child. The child is posed facing away from the camera on her hands and knees, exposing her uncovered genitals.

f. The images and videos that were downloaded were "single source" downloads, meaning the files came exclusively and wholly from the single suspect computer/device located at IP address 50.90.112.181 and not a group of computers located at multiple IP addresses possessing the same file.

g. A check of publicly available records maintained by an organization known as the MaxMind determined that the aforementioned IP address was assigned to the internet service provider **Charter Communications**.

h. A subpoena was sent to **Charter Communications** in order to identify the subscriber for the IP address 50.90.112.181.

i. On **12/20/2017 Charter Communications** responded to the subpoena and identified the following subscriber had been assigned the IP address 50.90.112.181 during the time pertinent to this investigation:

**Name:** Richard Grigson
**Address:** 9812 Lakewood Drive East, Indianapolis, IN, 46280

7. On February 15, 2018, the search warrant was served at the Subject Premises.

8. GRIGSON was present at the Subject Premises. He was advised of his *Miranda* rights and agreed to be interviewed. He provided the following information:

a. GRIGSON began looking at child pornography around 2009 and realized that he was struggling with a sexual attraction to pornography featuring minor female children.

b. GRIGSON views Child Pornography three to four times a week, and on those days, he looks at CP along with adult pornography two to three hours a day.

c. GRIGSON becomes sexually aroused and masturbates when viewing child pornography.

d. GRIGSON admitted that he uses the peer to peer networks BitTorrent and Freenet to download and collect files of child pornography. He also uses websites on the Tor network and the Internet.

e. GRIGSON has a clear understanding of peer to peer file sharing, and knows that he is actively distributing child pornography to other users of these programs whenever he receives visual depictions through these programs.

f. GRIGSON saved approximately 5 ½ Terabytes of child pornography and child erotica on an encrypted 6 Terabyte external hard drive. GRIGSON provided investigators with the necessary information to decrypt that hard drive.

9. **Forensic Examination**: On-Scene examinations were performed on the digital devices found inside of the Subject Premises. Special Agent Michael Johnson provided the following information:

a. GRIGSON possessed the aforementioned external hard drive. It was encrypted with a program called TrueCrypt. GRIGSON provide the necessary information to decrypt the external hard drive.

    b.     SA Johnson, using the information provided by GRIGSON, decrypted the external hard drive.

        i. Thousands of files containing child pornography were quickly located on the external hard drive. Some of these files are described below:

        ii. 31a.jpg – This is an image file depicting a prepubescent female child who is nude from the waist down. Her legs are spread apart, exposing her uncovered genitals. There is an object that has been inserted into the child's anus.

        iii. 58a.jpg – This is an image file depicting a nude, prepubescent female child. She is being vaginally penetrated by the penis of an adult male.

        iv. 9yo Tori – 027.jpg - This is an image file depicting a nude, prepubescent female child. The child has been posed so that she is lying on her back with her legs spread apart, exposing her uncovered genitals.

        v. 9Yo Tori – 032.jpg - This is an image file depicting a nude, prepubescent female child. She had been posed lying on her stomach with her head facing away from the camera. Her legs are spread apart, exposing her uncovered genitals.

        vi. 18.jpg – This is an image file depicting a prepubescent female child performing oral sex on an adult male.

    c.     Some of the images and videos of child pornography that were in GRIGSON's possession on February 15, 2018 had been received by GRIGSON through peer-to-peer file sharing. GRIGSON distributes these same images through the peer-to-peer trading function. He was aware that the images and videos that he was distributing and receiving included images of pre-pubescent children.

10. The residence of Richard Grigson is located in the Southern District of Indiana. The Internet, used to transmit visual depictions of minors engaged in sexually explicit conduct, is a means and facility of interstate and foreign commerce. The devises recovered from the Subject Premises and his Richard Grigson were manufactured outside of the State of Indiana.

11. **Conclusion** Based upon the contents of this Affidavit, there is probable cause to believe that **Richard Grigson** has committed the above listed offenses. I respectfully request that the Court issue a Criminal Complaint and Arrest Warrant for **Richard Grigson** charging him with the offense listed above.

_____
Task Force Officer John Pirics
Homeland Security Investigations

Subscribed and sworn before me this 16th day of February, 2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana